IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROYAL SUMMERS,

                Plaintiff,                OPINION AND ORDER

    v.

                                        25-cv-324-wmc

ERIN DUNAHAY, ELIZABETH TEGELS,
CASEY JENSEN, JEREMIAH CURTIS,
KRISTINE SMETANA, JAMES NYHUS,
NICHOLAS KLIMPKE, and BLAKE WEIKEL,

                Defendants.

       Plaintiff Royal Summers, who is represented by counsel, brings failure-to-protect claims under the Eighth Amendment against several Jackson Correctional Institution ("Jackson" or "JCI") employees arising out of two, separate attacks by other prisoners -- one on April 7, 2023, and another on January 26, 2024.  Pending before the court is defendants' motion for partial summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies with respect to the first attack as required under the Prison Litigation Reform Act ("PLRA").  (Dkt. #18.)  For the reasons set forth below, the court will deny defendants' motion.

BACKGROUND

       On May 1, 2023, plaintiff Royal Summers filed an inmate complaint alleging that Jackson staff knew that he had been previously attacked and threatened by other inmates, but still placed him in general population on April 7, 2023, when he was again assaulted.  (Dkt. #20-5, at 2.)  Institution Complaint Examiner ("ICE") M. Risch returned that complaint the same day with a letter stating that Summers had failed to include relevant supporting documentation or sufficient information to investigate, while allowing plaintiff "one

opportunity to correct and resubmit this returned complaint … under DOC 310.10(5)." (Dkt. #20-5.) ICE Risch further stated that:

> Based upon the documents you included with this complaint, these are from six weeks ago. You were given the DOC-1803 forms to complete, which you submitted for two PIOCs and the investigations were completed. (One was approved and the PIOC will be transferred. The other was denied.) From review of the DOC-1803 form, you only asked for the PIOC to "keep away" from you. If there is something new to report, which would require further investigation, please submit another DOC-1803 and write to the above staff.

*Id*.

On May 9, 2023, plaintiff submitted a revised inmate complaint (No. JCI-2023-6864), explaining that he had first attempted to resolve the issue with defendant Captain Erin Dunahay by submitting *five* DOC-1803 forms in which he requested that upon his return to general population, he be separated from inmates identified at least by last name or a street name. (Dkt. #20-2, at 9-11.) A different ICE, J. Dougherty, considered and *rejected* the revised complaint on May 10, 2023, setting forth the following reasons:

- Plaintiff's initial complaint was returned for multiple issues, including that he had only requested an inmate "keep away" from him. Although he "was then directed to request and submit another DOC-1803 form if there was 'something new to report, which would require further investigation,' [h]e wrote this complaint with the same concern, received on 5/9/23."

- Plaintiff submitted only two DOC-1803 forms *after* he was in a fight with Inmate Shawano on April 7, 2023, and in those forms, he requested separation from two different inmates -- Wallace and Stevens – but not Shawano. Moreover, "the decisions were completed" on April 12, 2023.

- The underlying incident occurred on April 7, 2023, but plaintiff did not submit his initial inmate complaint until May 2, 2023, and did not submit his next complaint until May 9, 2023 -- so both submissions were beyond the 14-day limit under § DOC 310.07(2).

2

- Plaintiff made no plea for a good cause waiver of the 14-day time limit and did not present evidence to show how he was denied the use of or inhibited in any way from using the ICRS since April 7, 2023.

(*Id*. at 2-3.)

Plaintiff filed an appeal from this decision dated May 18, 2023, explaining that his initial complaint fell outside the 14-day window because Captain Dunahay had promised to resolve the issue but then failed to do so. (Dkt. #20-2, at 19.) This appeal, which arrived in an envelope addressed to the ICE and postmarked May 25, 2023, was stamped as received and acknowledged on May 31, 2023.[1] (*Id*. at 4 and 19-20.)

As the reviewing authority, Warden Elizabeth Tegels issued a decision on June 8, 2023, rejecting the appeal "as untimely" for the following reasons:

> As noted above, this complaint was received outside the timeframe required by Administrative Code 310. PIOC Summers makes no plea for good cause. He does not present evidence to show how he was denied the use of or inhibited in any way from using the ICRS since the date of the occurrence. The complaint is appropriately rejected as it fails to adhere to the stated filing requirement.
>
> Despite failing to meet the filing timeframe, the issue was reviewed. In looking at the DOC-1803 forms PIOC Summers submitted, there are only two and they were received after he was in a fight with PIOC Shawano (4/7/23). PIOC Summers had requested separation from PIOCs Wallace and Stevens. (He has not requested separation from PIOC Shawano.) The decisions were completed on 4/12/23.

(*Id*. at 5.)

---

[1] Although the timing is unclear, plaintiff also seems to have submitted an appeal to the Corrections Complaint Examiner ("CCE") Office on May 18, 2023, but it was not accepted pursuant to Wis. Admin. Code § DOC 310.12(4)(b), which requires the CCE to return rejected complaints. (Dkt. #20-6.)

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendants must prove, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). At summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). For the reasons below, defendants have failed to meet their burden in this case.

I. Wisconsin's Inmate Complaint Review System Process

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System ("ICRS") process as set forth in Wisconsin Administrative Code Chapter DOC 310, which begins with filing a complaint with the ICE within 14 days after the incident giving rise to the grievance. Wis. Admin. Code § DOC 310.07(2). Late complaints may also be accepted for good cause at the ICE's discretion, but an inmate who

4

intends to file a grievance past the ordinary 14-day deadline "shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id*.

The ICE may take one of three actions with respect to any complaint. *First*, the ICE may *return* a complaint if it does not satisfy the criteria found in § DOC 310.07(1), (3), (4), or (5), to permit the inmate to resubmit the complaint after correcting issues noted by the ICE. Wis. Admin. Code § DOC 310.10(5). For example, as in this case, the ICE may request that an inmate "[p]rovide relevant supporting documentation, which may be accepted at the discretion of the ICE." § DOC 310.07(3)(f). *Second*, the ICE may *reject* a complaint if it was submitted late without good cause, does not provide sufficient information, or raises an issue that already has been addressed through ICRS. Wis. Admin. Code § DOC 310.10(6)(d), (e), and (g). *Third*, the ICE may recommend to the reviewing authority that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code DOC § 310.10(12).

Finally, an inmate may appeal a rejected complaint within 10 days to the appropriate reviewing authority, who shall only review the basis for the rejection of the complaint and issue a final decision. Wis. Admin. Code DOC § 310.10(10); *Page v. Inmate Call Sols.*, no. 21-cv-761-wmc, 2023 WL 7408089, at *1 (W.D. Wis. Nov. 9, 2023).

## II. Plaintiff's Complaints

Defendants principally argue that plaintiff failed to exhaust his administrative remedies as to the April 2023 attack, having filed his initial complaint on May 2, 2023, more than 14 days after the attack occurred on April 7 *and* without providing a reason for the late filing. As defendants argue, a properly rejected grievance on procedural grounds generally does *not* fulfill the exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). However,

5

failure to comply with administrative deadlines does not doom the claim when the institution treats the filing as timely and resolves it on the merits. *Id*.

In this case, even though ICE Risch noted the attack occurred six weeks before plaintiff filed his complaint, Risch did *not* reject plaintiff's complaint outright as untimely. Instead, he *returned* the complaint, and contrary to defendants' contention, expressly allowed plaintiff one more opportunity to "correct and resubmit" it to include relevant supporting documentation and sufficient information to permit an investigation. Further, with respect to the merits, Risch went on to discuss how plaintiff had submitted only *two* requests for separation after his fight with Shawano, one of which had already been granted.

Moreover, as instructed by ICE Risch, plaintiff resubmitted his complaint on May 9, 2023, explaining that he had actually submitted five requests to be separated from other inmates. ICE Dougherty rejected plaintiff's revised complaint for *both* procedural and merit-based reasons. In particular, Dougherty not only found both of plaintiff's submissions untimely and duplicative of one another, but like ICE Risch, he also reached the merits of plaintiff's revised complaint by finding that: (1) plaintiff had failed to notify prison staff about the danger he faced by not submitting a DOC-1803 form before the April 7, 2023 attack; and (2) while plaintiff asked that two inmates be kept away from him, he never requested to be separated from inmate Shawano who actually attacked him on April 7. Indeed, Warden Tegels actually confirmed Dougherty's decision on the merits in holding that: "[d]espite failing to meet the filing timeframe, the issue was reviewed." (Dkt. #20-2, at 5.)

While defendants now argue that neither Dougherty nor Tegels "independently reviewed" or "issued a new decision" concerning staff's rejection of plaintiff's DOC-1803 request forms (dkt. #28, at 10), the wording of the ICEs' and RA's decisions shows otherwise.

6

Indeed, while ICE Dougherty's decision rejecting plaintiff's second grievance "may appear procedural at first blush, it was [also] a merits-based determination premised on the examiner's interpretation of the grievance." *See McDaniel v. Meisner*, 617 F. App'x 553, 558 (7th Cir. 2015) (addressing a grievance rejected for raising an issue the ICE determined had been previously addressed); *see also Page*, 2023 WL 7408089, at *2 (citing same). Although the Seventh Circuit has "declined to reach any conclusion about exhaustion when a complaint is rejected as both late and unmeritorious," this court has held that a ruling addressing the merits of an inmate claim -- even if that ruling also addresses timeliness -- satisfies the purpose of the PLRA's exhaustion requirement to allow state agencies an opportunity to cure the alleged violation before being subject to litigation. *Cole v. Litscher*, 343 F. Supp. 2d 733, 740-41 (W.D. Wis. 2004). Accordingly, plaintiff's late filing of his complaint does not doom his claim in this court where the merits were also addressed.

In a second, related argument, defendants contend that plaintiff also failed to timely *appeal* his rejected complaint, having filed his appeal on May 31, 2023, or 21 days after ICE Dougherty rejected his complaint on May 10. Unfortunately, the record before the court does not definitively support defendants' version of the events because plaintiff dated the appeal May 18, which is within the 10-day time period for appeals, while the envelope it was mailed in was postmarked May 25, 2023, meaning plaintiff *could* have placed the appeal in the mail within the 10-day period. *See Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015) (federal courts generally apply prison mailbox rule, which provides that an inmate's document is "filed" at the moment an inmate places it in prison mail system); *Mayfield v. McClure*, No. 23-cv-1642, 2024 WL 4534148, at *6 (S.D. Ill. Oct. 21, 2024) ("Although the Seventh Circuit has not explicitly endorsed the applicability of the prison mailbox rule to the PLRA exhaustion context,

7

many courts in this circuit have applied the prison mailbox rule in this context."). Regardless, it is again unnecessary for the court to resolve this factual question because both ICE officials and Warden Tegels also did not reject plaintiff's *appeal* outright as untimely. Instead, she adopted the reasons provided by ICE Dougherty, who had rejected plaintiff's complaint as both untimely *and* lacking merit.

For all of these reasons, defendants have failed to satisfy *their burden* of proving that plaintiff failed to exhaust his administrative remedies with respect to his claim concerning the April 2023 attack.

## ORDER

IT IS ORDERED that defendants' motion for partial summary judgment for failure to exhaust administrative remedies (dkt. #18) is DENIED.

Entered this 17th day of February, 2026.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge